UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20075-CIV-MARRA

DREW M. DILLWORTH,
CHAPTER 7 Trustree,

    Appellant,

vs.

LAURE NMN OBREGON,
and HEINZ NMN VIEWEG,

    Appellees.

_____/

**OPINION AND ORDER**

This is an appeal by Appellant Drew M. Dillworth, Chapter 7 Trustee ("Trustee"), of the Order Granting Defendants' Motion to Dismiss Complaint with Prejudice and the accompanying Opinion of Bankruptcy Judge A. Jay Cristol, entered on October 25, 2011. The Court has carefully considered the briefs of Appellant and Appellees Laure NMN Obgregon and Heinz NMN Vieweg and is otherwise fully advised in the premises.

**I.  Background**

The following facts are not in dispute. Appellees/Debtors Laure NMN Obregon and Heinz NMN Vieweg filed a notice of voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on March 29, 2010. Bankruptcy Docket # 10-18022-AJC ("Bk. Docket") at DE 1. On five separate occasions, the Trustee sought and obtained an extension of time fo file a complaint objecting to the Appellees/Debtors' discharge. See Bk. Docket at DEs 22, 35, 40, 45, 50. The Trustee's Fifth Motion to Extend Time to Object to Exemptions and Discharge sought

an extension "through and including April 30, 2011[,] within which to timely file an objection to the Debtors' Exemptions and/or Discharge."  Bk. Docket at DE 50.  On April 5, 2011, the bankruptcy court entered an Agreed Order Granting: Trustee's Fifth Motion to Extend Time to Object to Exemptions and Discharge, which provided that "the Trustee has an extension of time through and including April, 30th, 2011, within which to timely file a complaint objecting to the Debtors' discharge and/or to timely object to Debtors' claimed exemptions."  Bk. Docket at DE 52.  The Trustee subsequently filed his complaint on May 2, 2011.  Bk. Docket at DE 53.

On June 2, 2011, the Debtors filed a Motion to Dismiss the Complaint with Prejudice alleging that because the Trustee filed its complaint two days after the deadline imposed by the bankruptcy court's April 5, 2011, Order, the complaint should be dismissed as untimely.  Adversary Proceeding Docket 11-01949-AJC ("AP Docket") at DE 7.  The bankruptcy court held a hearing on the matter on August 15, 2011, where the Trustee argued that the rules for computing time pursuant to Bankruptcy Rule 9006 govern here.  AP Docket at DE 37.  Specifically, the Trustee noted that April 30, 2011, fell on a Saturday.  Thus, pursuant to Bankruptcy Rule 9006, the Trustee argued the complaint in question was not due until May 2, 2011, the following Monday.  Id.

On October 26, 2011, the bankruptcy granted the Debtors' Motion to Dismiss.  AP Docket at DE 28.  The Order granting the Defendants' motion held that "where the parties have agreed to a date certain, as here, the need for computation under Rule 9006 is inapplicable."  Id. at 3-4.  The Trustee now appeals that ruling.

## II.  Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal

conclusions *de novo*.  In re Globe Manufacturing Corp., 567 F.3d 1291, 1296 (11th Cir. 2009); In re Club Assoc., 951 F.2d 1223, 1228-29 (11th Cir. 1992).  Because the order on review was a grant of summary judgment, the Court will review the order *de novo*.

### III.  Discussion

The question presently before the Court is a simple one: whether the rules for computing time in Bankruptcy Rule 9006 govern where the bankruptcy court orders a specific date by which a filing is to occur.  Bankruptcy Rule 9006(a) states:

> (a) Computing Time.  The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> (1) *Period Stated in Days or a Longer Unit*. When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.
>
> (2) *Period Stated in Hours*. When the period is stated in hours:
>
> (A) begin counting immediately on the occurrence of the event that triggers the period;
> (B) count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and
> (C) if the period would end on a Saturday, Sunday, or legal holiday, then continue the period until the same time on the next day that is not a Saturday, Sunday, or legal holiday.
>
> (3) *Inaccessibility of Clerk's Office*. Unless the court orders

> otherwise, if the clerk's office is inaccessible:
>
>> (A) on the last day for filing under Rule 9006(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or
>> (B) during the last hour for filing under Rule 9006(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.

The Trustee argues that subsection (3) is applicable here because the "Clerk's office in the Bankruptcy Court is inaccessible on a weekend or national holiday for the filing of pleadings or other materials." Brief at p. 6. The Debtors respond by claiming that Bankruptcy Rule 9006(a) only applies when it is necessary to compute time periods, but not in situations where there is a fixed date.

To determine which of these two interpretations is correct, the Court will turn to the Advisory Committee Notes to the 2009 Amendment to Rule 9006(a). "Although not binding, the interpretations in the Advisory Committee Notes 'are nearly universally accorded great weight in interpreting federal rules.'" Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005) (citing Vergis v. Grand Victoria Casino & Resort, 199 F.R.D. 216 (S.D. Ohio 2000)). The Advisory Committee Notes to the 2009 Amendment to Rule 9006(a), which went into effect December 1, 2009, provide that:

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in Violette v. P.A. Days, Inc., 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of In re American Healthcare Management, Inc., 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order). If, for

4

> example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.

The 2009 Amendments, therefore, provided that fix dates are <u>not</u> subject to the rules governing computation of time articulated in Bankruptcy Rule 9006(a).  Here, the final extension of time provided that the Trustee was responsible for filing his Complaint no later than April 30, 2011.  In light of the Advisory Committee Notes referenced above, Bankruptcy Rule 9006(a) does not warrant an extension of time regardless of whether the fixed date fell on a Saturday.  Accordingly, the Court concludes that the Bankruptcy Court properly dismissed the Trustee's Complaint with prejudice.

The Court is not persuaded by any of the decisions relied on by the Trustee.  Each of the those cases fall into one of two categories: (1) they were decided <u>before</u> the aforementioned amendment to Bankruptcy Rule 9006(a) went into effect; or (2) did not require that the filing be made on a specific date.  None of the cases upon which the Trustee relies is inconsistent with this Court's holding.

### IV.  Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the decision on appeal of Bankruptcy Judge A. Jay Cristol is **AFFIRMED**.  This case is **CLOSED**, and all

pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 8th day of August, 2012.

_____
KENNETH A. MARRA
United States District Judge